IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

POTRERO HILLS LANDFILL, INC., BLT ENTERPRISES OF SACRAMENTO, INC., BRENTWOOD DISPOSAL SERVICE, INC., CONCORD DISPOSAL SERVICE, INC., CONTRA COSTA WASTE SERVICE, INC., DISCOVERY BAY DISPOSAL INC., NOVATO DISPOSAL SERVICE, INC., OAKLEY DISPOSAL SERVICE, INC., PACIFIC COAST DISPOSAL CORPORATION, PITTSBURG DISPOSAL AND DEBRIS BOX SERVICE, INC., REDWOOD EMPIRE DISPOSAL, INC., RIO VISTA SANITATION SERVICE, INC., ROHNERT PARK DISPOSAL, INC., SANTA ROSA RECYCLING AND COLLECTION INC., SUNRISE GARBAGE SERVICE, INC., TIMBER COVE RECYCLING, INC., TRASHPROS, LLC, WASTE CONNECTIONS, INC., WASTE CONNECTION OF CALIFORNIA, INC., WEST COAST RECYCLING AND TRANSFER INC., WEST SONOMA COUNTY DISPOSAL SERVICE, INC., WEST SONOMA COUNTY TRANSFER, INC., and WINDSOR REFUSE AND RECYCLING, INC.,

   Plaintiffs,

Case No. 09-2514-JAM-JFM

ORDER GRANTING INTERVENORS' MOTIONS FOR DISMISSAL PURSUANT TO YOUNGER ABSTENTION

```
             v.

COUNTY OF SOLANO,

        Defendant

        and

SUSTAINABILITY, PARKS,
RECYCLING AND WILDLIFE LEGAL
DEFENSE FUND, SIERRA CLUB, and
NORTHERN CALIFORNIA RECYCLING
ASSOCIATION,

        Intervenors.
_____/
```

This matter comes before the Court on a motion brought by Intervenor Sustainability, Parks, Recycling and Wildlife Legal Defense Fund ("SPRAWLDEF") and a motion brought by Intervenors Sierra Club and Northern California Recycling Association ("NCRA"). All three organizations (collectively "Intervenors") move the Court to dismiss Plaintiffs Potrero Hills Landfill et al, ("Plaintiffs'") First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), or in the alternative to abstain from deciding the case. Plaintiffs and Defendant Solano County ("Defendant") oppose Intervenors' motions.[1] The State of California, as amicus, also opposes

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

Intervenors' motions.² For the reasons explained below, the Court abstains from deciding the case.

## FACTUAL AND PROCEDURAL BACKGROUND

The Potrero Hills Landfill is a privately owned landfill located in Solano County. It is one of two landfills in Solano County. In 1984, Solano County voters passed a local ordinance called Measure E. Measure E limited the dumping of out-of-county garbage into Solano County landfills to 95,000 tons per year. Solano County enforced Measure E from 1984 to 1992, by including limits on waste importation in the County Solid Waste Management Plan. In 1992, the County ceased enforcement of the measure after legal opinions from the Solano County Counsel and the Legislative Counsel of California stated the belief that Measure E was potentially unconstitutional under the Commerce Clause.

<u>State Court Cases</u>

This federal case follows approximately seven years of state court litigation related to the proposed expansion of the Potrero Hills Landfill. In 2002, the owners of Potrero Hills Landfill sought to expand the landfill from 320 acres to 580 acres, in light of the fact that the landfill was expected to

---

² The Court is allowing the State's amicus brief.

reach capacity in 2011. The County of Solano approved the expansion plan. Environmental groups, including Intervenor NCRA, opposed the expansion and brought suit in Solano County Superior Court under the California Environmental Quality Act. They challenged the sufficiency of the Environmental Impact Report ("EIR") used in the plan. Subsequently, a revised EIR concerning the proposed expansion was conducted pursuant to the original lawsuit. Environmental groups (including Intervenor SPRAWLDEF) again filed suit, this time raising Measure E as an additional bar to expansion. This litigation resulted in another EIR, which the Superior Court recently approved.

In June, July and August 2009, Intervenors filed three separate lawsuits in Solano County Superior Court, each seeking to compel the County to withdraw its approval of the landfill expansion and enforce Measure E. Then, in September 2009, Plaintiffs filed the present federal court action seeking a declaratory judgment that Measure E is unconstitutional. Plaintiffs and Defendant also filed motions to stay the three Superior Court lawsuits, pending a decision from this Court. At the present time, the three lawsuits, and the motions to stay the lawsuits, are pending before the Solano County Superior Court.

I.   OPINION

A.   Legal Standard

To promote comity between the federal court and state court, the federal court must abstain from deciding a case to avoid interference with pending state court proceedings. Younger v. Harris, 401 U.S. 37, 44-45 (1971). The federal court should abstain pursuant to the Younger doctrine if 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) the state court proceedings provide adequate opportunity to raise the federal claims. Gartrell Const. Inc. v. Aubry, 940 F. 2d 437, 441 (9th Cir. 1991) (citing Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982). The Ninth Circuit also requires a fourth element for abstention: that the federal court action would enjoin, or have the practical effect of enjoining, the ongoing state court proceedings. AmerisourceBergen Corp. v. Roden, 495 F. 3d 1143, 1149 (9th Cir. 2007).

"Based on the notion of comity, Younger and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances... Originally applicable to state criminal proceedings, the doctrine has been extended to state civil proceedings where important state interests are involved." Woodfeathers, Inc. v. Washington Country, Oregon, 180 F. 3d

1017, 1020 (9th Cir. 1999)(internal citations omitted). Younger abstention applies with equal force without regard to whether the state proceedings are pending in the trial or appellate court. Id.

When a court chooses to abstain based on the Younger doctrine in a case in which equitable relief is sought, dismissal of the case is appropriate. However, if damages are sought, the court should merely stay the case. Gilbertson v. Albright, 381 F. 3d 965, 981-82 (9th Cir. 2004).

B. Violation of the Commerce Clause, 43 U.S.C. §1983

Plaintiffs' federal court suit brings one cause of action: violation of the Commerce Clause, 43 U.S.C. §1983. Plaintiffs (and Defendant) seek declaratory and injunctive relief declaring Measure E unconstitutional and blocking enforcement of the measure. Plaintiffs do not seek damages. The measure is not currently being enforced, but it may be enforced pending the decision of the state court on Intervenors' three suits for enforcement.

C. Abstention

Intervenors argue that the Court must abstain from a decision because of the three pending state court cases. They argue that abstention is necessary because a decision from this

Court about the constitutionality of Measure E has the potential to moot the pending state court cases.

Plaintiffs and Defendant both argue against abstention, as does the Attorney General in his amicus brief on behalf of the State of California. Plaintiffs and Defendant allege that the action does not meet the requirements for Younger abstention, primarily arguing that it does not involve an important state interest.

"The goal of Younger abstention is to avoid federal court interference with uniquely state interests such as the preservation of these states' peculiar statutes, schemes, and procedures..." AmerisourceBergen, 495 F. 3d at 1150. Plaintiffs argue that no important state interests are implicated. However, the enforcement of Measure E, a local ordinance enacted by California voters, presents a uniquely state interest. Furthermore, the Ninth Circuit has found that a county's enforcement of its local solid waste ordinance implicates important state interests for the purposes of Younger abstention. Woodfeathers, 180 F. 3d at 1021 (holding that the District Court should have abstained in a case involving a commerce clause challenge to the enforcement of a local waste ordinance). Indeed, the participation of the Attorney General on behalf of the State as amicus underscores the State's keen interest in the potential enforcement of Measure E.

Plaintiffs do not challenge the adequacy of the state court as a forum to address the federal claims, and Intervenors assert that the Superior Court has the ability to address and enforce the matter of Measure E's constitutionality. Though Defendant makes a convoluted attempt to challenge the adequacy of the Superior Court, it is clear that the State Court will provide an adequate forum for the federal issues present in this case. Absent unambiguous authority to the contrary, state courts are presumed adequate for raising federal questions. Woodfeathers, 180 F. 3d at 1021 (citing Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987).

The Court finds that each of the requirements for Younger abstention are met in the present case. Therefore, it must abstain from a decision and dismiss the case under the Younger abstention doctrine. There are three pending state actions, all filed prior to the filing of this case. These state cases could be rendered moot by a decision from this Court. Granting Plaintiffs' and Defendant's desired declaratory and injunctive relief would effectively enjoin the State Court proceedings, depriving the State Court of the opportunity to resolve matters of important state interest.

Because the court is dismissing the case pursuant to the Younger doctrine, the Court declines to reach the other issues raised in Intervenors' motions to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) and 12(b)(1), including additional doctrines of abstention, lack of prudential standing, ripeness, and the applicable statutes of limitations. Intervenors' motions to dismiss the case under the Younger abstention doctrine are GRANTED.

### III. ORDER

For the reasons set forth above, the Court hereby abstains from a decision on this case, and dismisses the case under the Younger abstention doctrine.

IT IS SO ORDERED.

Dated: December 22, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE